UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANNA CHRONIS, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| TAMIKA ALEXANDER, M.D., and UIH- | ) | Formerly Case No. 2017 M1 301196 |
| MILE SQUARE HEALTH CENTER, | ) | Circuit Court of Cook County, Illinois |
| | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL OF A CIVIL ACTION AND
SUBSTITUTION OF THE UNITED STATES AS DEFENDANT**

To:   Dorothy Brown                                 Anna Chronis
      Clerk of the Circuit Court                    3759 N. New England
      Richard J. Daley Center, Room 1001            Chicago, Illinois 60634
      50 West Washington Street
      Chicago, Illinois 60602

The United States of America, by its attorney, Joel R. Levin, Acting United States Attorney for the Northern District of Illinois, submits this notice of removal of the above-captioned civil action from the Circuit Court of Cook County, Illinois, to the United States District Court, Northern District of Illinois, pursuant to 42 U.S.C. § 233, and in support thereof states the following:

1.     On June 27, 2017, plaintiff Anna Chronis, commenced the above civil action against Tamika Alexander, M.D. and the University of Illinois Mile Square Health Center alleging medical malpractice. A copy of the state court complaint is attached as Exhibit A. For purposes of this lawsuit, University of Illinois Mile Square Health Center is a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233. *See* Exhibit B. In addition, Tamika Alexander, M.D., was acting within the scope of her employment at the

University of Illinois Mile Square Health Center with respect to the incidents referred to in the complaint. *Id.*

    2.    This notice of removal is filed in accordance with 42 U.S.C. § 233 upon certification by the designee of the Attorney General of the United States that defendant University of Illinois Mile Square Health Center was a private entity receiving grant money from the Public Health Service and that defendant Tamika Alexander, M.D., was acting within the scope of her employment at the University of Illinois Mile Square Health Center with respect to the incidents referred to in the complaint. Exhibit B.

    3.    This notice of removal may be filed without bond at any time before trial. 42 U.S.C. § 233(c). Trial has not yet been had in this action.

    4.    Pursuant to the certification by the Attorney General's designee and the filing of this notice of removal, under 42 U.S.C. § 233(c), this civil action is deemed an action against the United States of America, and the United States is substituted as the sole federal party defendant in place of defendants University of Illinois Mile Square Health Center and Tamika Alexander, M.D.

WHEREFORE, this action now pending in the Circuit Court of Cook County, Illinois, is properly removed to this court pursuant to 42 U.S.C. § 233, and the United States is substituted as the defendant in lieu of University of Illinois Mile Square Health Center and Tamika Alexander, M.D.

        Respectfully submitted,

        JOEL R. LEVIN
        Acting United States Attorney

        By: s/ Scott D. Heffron
            SCOTT D. HEFFRON
            Assistant United States Attorney
            219 South Dearborn Street
            Chicago, Illinois 60604
            (312) 886-4190
            scott.heffron@usdoj.gov

# EXHIBIT A

Complaint-Verified

(08/29/16) CCM N008

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, CHICAGO MUNICIPAL DISTRICT

ANNA CHRONIS

Plaintiff(s)

v.

TAMIKA ALEXANDER, M.D.
UIH-MILE SQ HEALTH CTR.

Defendant(s)

No. _____

Contract N/A  MED MAL

Amount Claimed $ 25,800

Return Date 6/29/2017

**COMPLAINT**

2017L301196
CALENDAR/ROOM 1501
TIME 09:30
Medical Malpractice

The Plaintiff(s) claim(s) as follows:

1. On June 8, 2015, PLAINTIFF, ANNA CHRONIS, was a patient of TAMIKA ALEXANDER, MD, a Registered physician of UIH Mile Square Health. During what was supposed to be a routine annual physical which included a Pap Smear/HPV Screening, ANNA CHRONIS incurred a vulvar contusion as a direct result of TAMIKA ALEXANDER'S Negligence during the Pap Smear. A Medical examination on July 1, 2015 discovered the vulvar contusion, after ANNA CHRONIS complained of pain, and discomfort. All other causes were ruled out, medically.

2. As such, the PLAINTIFF, ANNA CHRONIS, has filed a MEDICAL MALPRACTICE lawsuit against the Plaintiffs under the Healing Arts Malpractice Act (735 ILCS 5/Article II. Pt. 17), alleging gross and negligence, willful misconduct, and delay of care with malicious intent.

WHEREOFF, PLAINTIFF prays for judgment against DEFENDENTS in the sum of $25,800 plus costs and interest. Details of the complaint are filed in an attached 7 page complaint, and 2 Affidavits, as required by 735 ILCS 5/2 - 601, 735 ILCS 5/622(a) and ILL SUP CT. R 222.

I, ANNA CHRONIS , certify that I am the Pro Se
(Name) (Name of Attorney if applicable)
plaintiff in the above entitled action. The allegations in this complaint are true.

Atty. No.: 99500   Pro se 99500

Attorney (or Pro se Petitioner):
Name: Anna Chronis
Address: 3759 North New England Avenue
City/State/Zip: Chicago, Illinois 60634
Telephone: 312-838-6677
Primary Email: anna.chronis@yahoo.com
Secondary Email: _____
Tertiary Email: _____

Dated: June 8, 2017

_Anna Chronis_
Signature

☑ Under penalties as provided by law pursuant to 735 ILCS 5/1-109 the abovesigned certifies that the statements set forth herein are true and correct.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Page 1 of 1

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## MUNICIPAL DEPARTMENT, CHICAGO MUNICIPAL DISTRICT

ANNA CHRONIS,

    Plaintiff,

vs.

TAMIKA ALEXANDER, M.D., UIH-MILE SQUARE HEALTH CENTER

    Defendants

Case No.:

COMPLAINT- MEDICAL MALPRACTICE

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. Plaintiff, ANNA CHRONIS, is a United States Citizen, and legal resident of Chicago, Illinois, a Cook County Municipality.

2. Defendant, TAMIKA ALEXANDER, MD, is employed by a division of the Board of Trustees of the University of Illinois, doing business as UIH-MILE SQUARE HEALTH CENTER, located at the at 4747 West Cermak Road, Cicero, UIH, corporation (referred hereinafter "UIH HOSPITAL).

3. UIH Hospital is a non-for-profit corporation organized and existing in pursuant to the laws of the United States, and with principal place of business in Cook County, Illinois.

4. Defendant, TAMIKA ALEXANDER, MD is a physician with a specialty in Obstetrics and Gynecology, licensed (#036128864, 336090441) to practice medicine in and by the State of Illinois and has a principal place of business in Cook County, Illinois.

5. Defendant TAMIKA ALEXANDER, MD was employed by UIH Hospital at the time of the Incident on or about June 8, 2015.

6. At all times herein mentioned, the defendants were, and now are physicians and administrators, holding themselves out as duly licensed to practice their profession under, and by virtue of, the laws of the State of Illinois, and were and now are, engaged in the practice of medicine in the State of Illinois.

COMPLAINT- MEDICAL MALPRACTICE - 1

7. Defendants, TAMIKA ALEXANDER AND UIH HOSPITAL, were at all times herein mentioned, duly organized Illinois corporations existing under, and by virtue of, the laws of the State of Illinois, that the Defendant Corporation (UIH HOSPITAL) owned, operated, supervised, managed and controlled the Clinic at 4747 West Cermak Road, Cicero, Cook County, Illinois and the General Hospital facility and headquarters at 722 West Maxwell Street, Chicago, Illinois 60612, and the UIC College of Medicine, Department of Family Medicine, 1919 West Taylor Street, within Cook County, the State of Illinois, held out to the public at large, and specifically to the Plaintiff herein, to be as properly equipped, fully accredited, adequately staffed <u>by qualified and competent personnel</u>, and efficiently operated and administered, accredited hospitals in said community, as physicians and licensed administrators of healthcare services.

8. The Defendants, at all times herein mentioned were institutions duly accredited by the Joint Commission on Hospital Accreditation Organization, and the Federal Qualified Health Corporation, and assumed and held themselves out to the public as being in compliance with minimum standards required by said Joint Commission for such accreditation.

9. Plaintiff is informed and believes and alleges, that each of the Defendants sued herein is responsible in some manner for the events and happenings herein referred to, thereby causing injury and damages to the Plaintiff as herein alleged.

10. Each and every Defendant named herein, were acting within their employment, as the agents, servants, employees, joint-venture partners, and co-partners of their said co-defendants, and as such, each and every defendant as aforesaid, when acting as a principal, was negligent in the selection, hiring, training, and supervision of every other defendant, as its agent, servant, employee, joint-venturer and partner.

11. Under the Medical Corporations Act, UIH HOSPITAL is vicariously liable for the negligence of a physician who is the apparent agent of the hospital or medical corporation *Gilbert v. Sycamore Municipal Hospital, 156 Ill.2d 511, 622 N.E.2d 788, 190 Ill.Dec. 758 (1993)*; York v. *Rush-Presbyterian-St. Luke's Medical Center, 222 Ill.2d 147, 854 N.E.2d 635, 305 Ill.Dec. 43 (2006).*

12. Accordingly, the Cook County Court of the State of Illinois has jurisdiction over this matter pursuant to article VI, section 6, of the Illinois Constitution and Illinois Supreme Court Rules 301 and 303. Ill. Const. 1970, art. VI, § 6; Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. Jan. 1, 2015).

13. The Filing is timely, as stipulated by 735 ILCS 5/13-202.

COMPLAINT- MEDICAL MALPRACTICE - 2

## II

## FIRST CAUSE OF ACTION

## PROFESSIONAL (MEDICAL) GROSS NEGLIGENCE/BREACH OF CARE CAUSING PHYSICAL INJURY

### (PLANTIFF ANNA CHRONIS v. DEFENDENTS)

14. Plaintiff, ANNA CHRONIS, was scheduled for, and attended a routine annual physical and gynecological exam (PAP Smear/HPV Cancer Screening) on June 8, 2015. Ms. Chronis, prior to June 8, 2015 had never engaged the services of TAMIKA ALEXANDER, MD, and had not been a patient of the UI Health Plus Hospital system prior to April 2015.

15. Plaintiff, Anna Chronis, had never in her life, including anytime prior to June 8, 2015 suffered any pain or vaginal discomfort.

16. On June 8, 2015, at 11:15 a.m., as scheduled, TAMIKA ALEXANDER, MD performed a routine PAP smear, which resulted in a **vulvar contusion**, causing pain and suffering, and necessitating further qualified medical care by a licensed and certified OB/GYN at another facility.

17. The vulvar contusion was diagnosed by AZRA SADIKOVIC, MD, a Board Certified Licensed Physician and Surgeon specializing in Gynecology licensed by the State of Illinois (License Number 036128491 & 336093249).

18. Based on the Medical Findings by AZRA SADIKOVIC, MD and as documented by final medical records attached via Affidavit as required by 735 ILCS 622(a), there could be no other cause of injury. An Affidavit with the AZRA SADIKOVIC'S medical findings have been filed with the Court per the Medical Report submitted to the Court and attached to this Complaint as "Exhibit I".

19. It should be clear to any lay person, that a routine Pap Smear, should not cause a vulvar pain, or a vulvar contusion. All other potential sources were ruled out. It is solely deviation from the proper medical standard of patient care that was the direct and proximate cause of injury.

20. Defendant TAMIKA ALEXANDER'S actions at what should have been a routine pap smear on the June 8, 2015 were negligent, i.e. below the standard of care, deliberately and willfully injurious, and resulted in immediate discomfort and sustained physical pain.

COMPLAINT- MEDICAL MALPRACTICE - 3

21. Attached is an Affidavit including as an Exhibit the medical records and conclusions of proximate cause and emotional distress from a qualified MEDICAL EXPERT, as an Exhibit as allowed under 735 ILCS 5/2-606. I believe this satisfies the requirement pursuant to 735 ILCS 5/2-622.

22. As the statute of limitations is impending and would impair this action, a Physician's Affidavit could not be filed contemporaneously with the filing per Section 735 ILCS 5/2-622(a)(2), but as the Affidavit attached, and Exhibit I, is from a Treating Physician with full medical records is sufficient to meet the standard of review by a Medical Expert as required by 2-622 that may be deposed during discovery, the filing of record fulfills the requirement in the interim.

23. I believe this filing fulfills the requirements under 735 ILCS 52-622 for cases filed pro se, under Rule 222.

24. Attached hereto is the Affidavit of Plaintiff, operating as a self-representing Litigant or Pro Se Litigant pursuant to Illinois Supreme Court Rule 222(b).

III

## SECOND CAUSE OF ACTION

### (WILFUL MISCONDUCT/ WILFUL NEGLEGENCE)

25. Plaintiff, Anna Chronis, attempted to call TAMIKA ALEXANDER, MD to discuss the issue, however, several times, however, TAMIKA ALEXANDER refused to take Anna Chronis' call or return several messages, over the period of two weeks.

26. Unbearable pain, an in ability to sit without a pillow, was exacerbated as pain increased during ANNA CHRONIS' menstrual flow, from June 19th – June 25th, 2015, which irritated the contusion caused by TAMIKA ALEXANDER'S actions on June 8, 2015.

27. From June 9th through June 26th, 2015 inclusive, not one doctor from the UIH Health System would return ANNA CHRONIS' call to discuss medical results, or to allow ANNA CHRONIS to make an appointment to see another in-network practitioner. Based on ANNA CHRONIS' Insurance Choice, there was no other option for Insured Services until January 1, 2016.

28. While the law and policy in Illinois has changed, since then, and the UIH System implemented a take over by Blue Shield / Blue Cross in January 1, 2016, ANNA CHRONIS changed health system providers at the first opportunity made possible and available to her.

COMPLAINT- MEDICAL MALPRACTICE - 4

29. Dr. Alexander's abandonment, refusal to treat, call or speak to the patient regarding the pain and subsequent injury incurred from what should have been a "routine" Pap Smear and examination violates the standard of care enshrined in Illinois Law. While Church v. Adler (1953) 350 Ill.App. 471, 113 N.E. 2d 327 applies to post-operative complications, injuries resulting from "routine procedures" also fall under the same standards of follow up care.

30. Instead, of taking remediative, actions upon making a verbal complaint regarding TAMIKA ALEXANDER'S lack of attentiveness and LACK OF ADHERENCE TO A PROFESSIONAL AND RESONABLE STANDARD OF CARE, the UIH Health System engaged in a sustained and deliberate effort to obstruct health care delivery, causing mental anguish and a delay of care further exacerbating anxiety, and mental stress in additional to the physical pain caused by TAMIKA ALEXENDER'S direct action.

31. Medical Doctors at the UIH Health System refused to return my phone calls, and refused to provide me the necessary detailed results to facilitate my health care decisions. Speaking with the patient is part of the process. Failing to do so, as Tamika and her superiors and again failed to fulfill the standard of care under Illinois Law.

32. The Defendants, as defined in Section 735 ILCS 2-1704, based upon negligence, any defendants found liable shall be jointly and severally liable.

IV.

### THIRD CAUSE OF ACTION/ MALICIOUS INTENT

### DELAY OF CARE – FOLLOW UP BREAST CANCER SCREENING CAUSING MENTAL ANGUISH

33. After filing a verbal complaint (and later written complaint) and demanding TAMIKA ALEXANDER, MD, be removed from my case and from all further medical decisions regarding my care, the UIH professionals shunned me, deliberately delayed my medical care related to another procedure (and Inconclusive screening mammogram), which required further testing.

34. UIH Health provided inconsistent and confusing follow up recommendations, and barred all direct consultation with all Medical Professionals after a Screening Mammogram was found to require further testing, directly in retaliation for a complaint filed against Tamika Alexander, MD.

35. From May 8, 2015 until December 31, 2015, the listed Primary Care Physician, Doctor Heckerling never directly met, examined, or consulted with

COMPLAINT- MEDICAL MALPRACTICE - 5

ANNA CHRONIS directly either by phone, in person, or in any other electronic correspondence.

36. The constant failure to return phone calls and deliberate "run around" that continuously delayed appropriate diagnostic care, and the condescending exchanges that followed and are documented will provide the foundation during discovery of the willful retaliatory action and bad faith by the UIH Health System, in delivering health care services for which they are obligated under state and federal laws.

## DAMAGE ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTIONS/PRAYER FOR RELIEF

37. Plaintiff, as a direct and legal result of the wrongful conduct and negligent of the defendant, suffered injury to her mind and body, and requests damage under 735 ILCS 5 total damages in the sum of $25,800 plus costs and interest.

38. **Actual Damages.** As a further result of the negligence of the defendants, and each of them, and the resulting injuries to Plaintiff, Anna Chronis, was compelled to, and did incur expenses for medical treatment. Proximate Cause of Injury can directly be traced to Doctor Tamika Alexander's actions and Negligence. The amount of this care is currently known in the amount of $1,000.

39. After trying and failing repeatedly to get a response from Tamika Alexander, MD, Anna Chronis did not delay seeking treatment and received the first available appointment, on July 1, 2015, thus there is no contributory negligence.

40. **Damages for Emotional Distress.** As documented in the Expert Treating Physician's Medical Report, Exhibit I, ANNA CHRONIS incurred emotional distress, anxiety, and mental anguish as the result of UIH Hospital's actions and inaction. $9,800. ANNA CHRONIS' mental state is documented in the Treating Physician's report attached in Exhibit I, from a Medical Institution external to UIH Hospital. The Medical report, is from an Examination dated July 1, 2015.

41. **Punitive Damages.** Delay of care, loss of wellness, incapacity to fully utilize gym membership, engage in normal activities, due to emotional distress contributing to loss of enjoyment of life, including sexual intercourse and potential physical intimacy during this time period as a result of the Injury caused by Tamika Alexander, MD. Damages $15,000. At all points subsequent to the Incident, which I reported, UIH Health and their system engaged in deliberate and systemic actions to cause mental anguish, delay of

COMPLAINT- MEDICAL MALPRACTICE - 6

care and willfully abandoned their duty to treat, when ANNA CHRONIS, due to limitation of options given her circumstances, and resources, had nowhere else to go. In written and oral correspondents, UIH Physicians and their administrators utilized their position to willfully and knowingly demonstrate malice and bad faith, intentionally inflicting mental and physical harm with substandard care, and correspondence that do not meet the law of the United States, the State of Illinois, or basic human compassion and civility.

Dated this 8th of July, 2017.

*Anne Chronis* (signature)

Anna Chronis
Pro Se Litigant
3759 North New England Avenue
Chicago, Illinois 60634
Primary E-mail: anna.chronis@yahoo.com
Phone Number: (312) 838-6677

Attachments:

Exhibit I: Affidavit of Medical Report by AZRA SADIKOVIC, M.D.

Exhibit II: Affidavit of Rule 222 filing

COMPLAINT- MEDICAL MALPRACTICE - 7

# EXHIBIT B

## **CERTIFICATION**

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint in *Anna Chronis v. Tamika Alexander, et al.,* No. 2017-M1-301196 (Circuit Court of Cook County, Illinois), and all attachments thereto. On the basis of the information now available, I find that at the relevant times, the University of Illinois Mile Square Health Center was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Further, I certify that Tamika anderson, M.D., was acting within the scope of her employment at the Health Center with respect to the incidents referred to in the complaint. Accordingly, for purposes of the above case, University of Illinois Mile Square Health Center and Tamika Anderson, M.D., are deemed to be employees of the United States pursuant to 42 U.S.C. § 233, for federal statutory tort purposes only.

      s/ Thomas P. Walsh
THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
   for the Northern District of Illinois

Date: August 10, 2017