UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNA CHRONIS, | ) |
| Plaintiff, | ) No. 17 C 5838 |
| v. | ) Judge St. Eve |
| UNITED STATES OF AMERICA, | ) Formerly Case No. 2017 M1 301196 |
| | ) Circuit Court of Cook County, Illinois |
| Defendant. | ) |

**UNITED STATES' MOTION TO DISMISS FOR
FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

The United States of America, by its attorney, Joel R. Levin, Acting United States Attorney for the Northern District of Illinois, moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and in support states as follows:

1. On or about June 27, 2017, plaintiff Anna Chronis commenced the above civil action against the Tamika Alexander, M.D., and the University of Illinois Mile Square Health Center, alleging medical malpractice. For purposes of this lawsuit, University of Illinois Mile Square Health Center is a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233. In addition, Tamika Aleaxnder, M.D. was acting within the scope of her employment at the University of Illinois Mile Square Health Center with respect to the incidents referred to in the complaint.

2. On August 10, 2017, the case was removed to the United States District Court for the Northern District of Illinois, and the United States was substituted as the federal defendant in place of the Tamika Alexander, M.D. and the University of Illinois Mile Square Health Center, pursuant to 42 U.S.C. § 233.

3. This case is governed by 42 U.S.C. § 233, which makes the tort remedy against the United States provided in the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2672, the "exclusive" jurisdictional basis for a common law tort claim against the employee of the Public Health Service "while acting within the scope of his office or employment." *See* 28 U.S.C. §§ 1346(b), 2679(b)(1); *Duffy v. United States*, 966 F.2d 307, 313 (7th Cir. 1992). Upon removal, this civil action is "deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto." 42 U.S.C. § 233

4. No FTCA action can be initiated against the United States until the plaintiff has presented a claim to the appropriate federal agency and that agency has denied the claim or has failed to issue a final decision within six months of the date that the claim was presented. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106 (1993); *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997) ("No one may file suit under the Federal Tort Claims Act without first making an administrative claim."); *Erxleben v. United States*, 668 F.2d 268, 270 (7th Cir. 1981); *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1972). This administrative claim requirement is a prerequisite that cannot be waived. *Best Bearings*, 463 F.2d at 1179.

5. The complaint in this case does not allege that plaintiff has ever presented the administrative claim required by the FTCA, and a search of the Department of Health and Human Services' computerized database of administrative tort claims reveals that plaintiff has not filed an administrative tort claim with the Department. Exhibit A (Declaration of Meredith Torres); *see Capitol Leasing Co. v. Fed. Deposit Ins. Corp.*, 999 F.2d 188, 191 (7th Cir. 1993)

(noting that in a motion to dismiss the court may look beyond the jurisdictional allegations of the complaint to determine whether subject matter jurisdiction exists).

WHEREFORE, this case should be dismissed for failure to exhaust administrative remedies.

        Respectfully submitted,

        JOEL R. LEVIN
        Acting United States Attorney

        By: s/ Scott D. Heffron
           SCOTT D. HEFFRON
           Assistant United States Attorney
           219 South Dearborn Street
           Chicago, Illinois 60604
           (312) 886-4190
           scott.heffron@usdoj.gov

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

Anna Chronis,

        Plaintiff,

v.

Tamika Alexander, M.D. and University of
Illinois Hospital- Mile Square Health Center,

        Defendants.

## DECLARATION OF
## MEREDITH TORRES

1. I am a Senior Agency Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services (the "Department"). I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

2. The Department has a Claims Branch that maintains in a computerized database a record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

3. As a consequence, if a tort claim had been filed with the Department with respect to *The Board of Trustees of the University of Illinois*, its approved delivery sites, or its employees or qualified contractors, a record of that filing would be maintained in the Claims Branch's database.

4. I caused a search of the Claims Branch's database to be conducted and found no record of an administrative tort claim filed by Anna Chronis relating to *The Board of Trustees of*

*the University of Illinois,* University of Illinois Hospital- Mile Square Health Center and Dr. Tamika Alexander.

5. I have also reviewed official agency records and determined *The Board of Trustees of the University of Illinois* was deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 2015 and coverage has continued without interruption since that time. University of Illinois Hospital- Mile Square Health Center is an approved service delivery site of *The Board of Trustees of the University of Illinois* and is located at 1220 S. Wood Street, Chicago, Illinois. The Secretary of Health and Human Services' authority to deem entities as Public Health Service employees under 42 U.S.C. § 233(g) has been delegated to the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration. Copies of these notifications by the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration, Department of Health and Human Services, to *The Board of Trustees of the University of Illinois* are attached to this declaration as Exhibit 1.

6. Official agency records further indicate that Tamika Alexander, M.D., was an employee of *The Board of Trustees of the University of Illinois* at all times relevant to the Plaintiff's complaint in this case.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.
Dated at Washington, D.C., this 7th day of August, 2017.

*Meredith Torres*
MEREDITH TORRES
Attorney, Claims and Employment Law Branch
General Law Division, Office of the General Counsel
Department of Health and Human Services