*Am*

UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

OCT 06 2017 *BX*

**THOMAS G. BRUTON**
CLERK, U.S. DISTRICT COURT

| |
|---|
| ANNA CHRONIS, |
|        Plaintiff/Appellant |
| |
| v. |
| |
| UNITED    STATES    OF AMERICA, |
| TAMIKA ALEXANDER, M.D. |
| UIH-MILE  SQUARE  HEALTH CENTER, |
|       Defendant(s) |

Case No.  17 C 5838
Judge St. Eve

## NOTICE OF APPEAL

Notice is hereby given that pro se plaintiff, ANNA CHRONIS, appeals to the United States Court of Appeals for the Seventh Circuit under 28 U.S.C. § 1291, the Final Order by the Honorable Amy Judge St. Eve entered in this action on the 8th day of September, 2017. The order maintains that proper administrative appeals have not been exhausted with the relevant agency. (A true and correct copy of the September 5, 2017 order has been filed as EXHIBIT A). As the United States and a certified agent of the United States is a party, my notice of appeal is timely and within the 60-day time frame set forth in Fed.R.App.P. 4(a)(1)(B).

Dated 6 October, 2017

Respectively submitted,

*Anna Chronis*

Anna Chronis, Pro Se
3759 North New England Avenue
Chicago, Illinois 60634
Anna.chronis@yahoo.com
(312) 838 6677

Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ANNA CHRONIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17 C 5838 |
| v. | ) | |
| | ) | Judge Amy J. St. Eve |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The Court grants Defendant's motion to dismiss for failure to exhaust administrative remedies [7]. All pending dates and deadlines are stricken. Civil case terminated.

## STATEMENT

On August 10, 2017, the United States removed pro se Plaintiff's state court lawsuit against Defendants Tamika Alexander, MD and the University of Illinois Mile Square Health Center ("Health Center"), which receives grant money from the Public Health Service under 42 U.S.C. § 233. Also on August 10, 2017, the United States was substituted as Defendant under the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. § 1356. Before the Court is Defendant's motion to dismiss for failure to exhaust administrative remedies. For the following reasons, the Court grants Defendant's motion.

## LEGAL STANDARD

The FTCA is a limited waiver of the sovereign immunity of the United States imposing liability "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see also Dolan v. USPS,* 546 U.S. 481, 485 (2006); *Watkins v. United States,* 854 F.3d 947, 948 (7th Cir. 2017). The FTCA is the exclusive remedy for non-constitutional torts committed by employees of the federal government. *See Levin v. United States,* 133 S.Ct. 1224, 1229 (2013); *Arteaga v. United States,* 711 F.3d 828, 831 (7th Cir. 2013). The FTCA requires that plaintiffs present their claims to the appropriate federal agency and receive a written denial before bringing an FTCA action in court. *See* 28 U.S.C. § 2675(a); *McNeil v. United States,* 508 U.S. 106, 111-12 (1993) ("The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process."). "The Supreme Court has noted that the purpose of the FTCA's exhaustion requirement is to facilitate the administrative evaluation of tort claims by the agency whose activity gave rise to the claim and permit settlement of meritorious claims more quickly and without litigation." *Warrum v. United States,* 427 F.3d 1048, 1050 (7th Cir. 2005).

*Exhibit A*

## BACKGROUND

Construing her pro se Complaint liberally, *see Echols v. Craig,* 855 F.3d 807, 812 (7th Cir. 2017), Plaintiff alleges medical malpractice claims based on a routine gynecological exam that took place on June 8, 2015. (R. 1, Ex. A, Compl. ¶ 14.) On that date, Dr. Tamika Alexander performed a routine PAP smear, which resulted in a vulvar contusion causing Plaintiff pain and suffering and necessitating further medical care at another facility. (*Id.* ¶ 16.) Plaintiff contends that the contusion was caused by the deviation from the proper medical standard of patient care. (*Id.* ¶ 19.) Plaintiff further alleges that from June 9 through June 26, 2015, no one from the Health Center would return her calls to discuss medical results or allow her to make another appointment. (*Id.* ¶ 27.) As such, Plaintiff asserts that Dr. Alexander's and the Health Center's treatment and abandonment fell below the required standard of care. (*Id.* ¶ 29.) Also, Plaintiff contends that the Health Center delayed her medical care as to a screening mammogram. (*Id.* ¶¶ 33, 34.) Further, Plaintiff alleges that the Health Center engaged in a sustained and deliberate effort to obstruct health care delivery. (*Id.* ¶ 30.)

## ANALYSIS

In response to Defendant's motion to dismiss for failure to exhaust, pro se Plaintiff argues that she exhausted her administrative remedies through the Centers for Medicare and Medicaid Services ("CMS"), a federal Administrator of the Medicaid Program, and the Administrative Procedures outlined by the University of Illinois Health Plus Program Manual. After reviewing the documents attached to Plaintiff's response, it is true that Plaintiff contacted the CMS, a Medicaid administrator, and filed a grievance about Dr. Alexander, as well as submitting a complaint about Dr. Alexander to the Illinois Department of Professional Regulation. These actions, however, did not properly exhaust her medical malpractice claims.

To clarify, exhaustion under the FTCA requires that "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). The appropriate federal agency in this matter is the United States Department of Health and Human Services. *See Arteaga,* 711 F.3d at 831. In order to present an administrative claim, a plaintiff must file either a standard form 95 or other written notification of the incident, accompanied by a claim for money damages, to the appropriate federal agency. *See* 28 C.F.R. § 14.2(a); *Khan v. United States,* 808 F.3d 1169, 1172 (7th Cir. 2015). Indeed, "a proper administrative claim under the FTCA contains four elements: (1) notification of the incident; (2) a demand for money damages in a sum certain; (3) the title or legal capacity of the person signing; and (4) evidence of the person's authority to represent the claimant." *Smoke Shop, LLC v. United States,* 761 F.3d 779, 786 (7th Cir. 2014).

Here, although it appears that pro se Plaintiff was in contact with the Illinois Department of Healthcare and Human Services in November 2015, this is not the appropriate *federal* agency. As to CMS' January 7, 2016 letter to Plaintiff, from its content it is clear that this letter was responding to Plaintiff's professional regulation allegations and not to an administrative claim.

# Exhibit A

Moreover, after presenting an administrative claim to the United States Department of Health and Human Services, the federal agency must have denied Plaintiff's claim before she can bring the present lawsuit. *See McNeil*, 508 U.S. at 111-12; 28 U.S.C. § 2675(a). Pro se Plaintiff does not allege or argue that she has fulfilled this necessary exhaustion step.

Because pro se Plaintiff has not exhausted her administrative remedies, the Court grants Defendant's motion to dismiss without prejudice.

**Dated:** September 8, 2017

AMY J. ST. EVE
United States District Court Judge

3